[Civ. No. 7826.   First Appellate District, Division One.—September 14, 1931.]

THE PENINSULA BURNER & OIL CO. (a Corporation), Appellant, v. T. J. McCAW et al., Respondents.

J. E. McCurdy for Appellant.

David Cosgrave for Respondents.

TYLER, P. J.—Action in claim and delivery. The property described in the complaint is an oil storage tank and a nonautomatic oil burner, together with pipes, valves and fittings necessary for the complete installation in a home. The complaint alleges that plaintiff agreed to sell the above-described equipment to one Lawton to be installed in the home of defendants which Lawton was erecting. Defendants deny that they wrongfully withheld the property and affirmatively allege that they purchased the same from Lawton for a valuable consideration. Further, that the property was installed by Lawton in the home of respondents as improvements therein, and said equipment became a material part of the real property of defendants. The answer further alleges that after the property was installed, notice of completion of said home was filed in the office of the county recorder where the property was situate and that plaintiff filed no claim for the same in accordance with the Materialmen's Lien Law. As a separate and further defense, the answer alleges plaintiff was estopped by reason of its laches to recover the property and further, that plaintiff did not notify defendants until more than two years after the installation of the property of its alleged ownership. Trial was had and judgment was entered that plaintiff take nothing against defendants. Plaintiff appeals and claims that the personalty described did not become affixed to the realty so as to become a part thereof and that it is not estopped to assert its legal title.

From the evidence it appears that respondents entered into a contract with Lawton, the vendee of plaintiff, for the construction of a dwelling-house upon property owned by respondents. The plans and specifications show that an oil-burner system was included in the contract and was a material part of the original construction agreed to be installed. Appellant agreed to sell the heating plant to Lawton for installation in the building. The agreement of sale provided that title to the equipment was to remain in plaintiff until fully paid for. Respondents knew nothing of this arrangement. They held the required amount of the contract price until after the expiration of the time allowed by law for the filing of liens, but no lien was ever filed by appellant. Under these circumstances it seems clear to us

that the property sued for, being part of the original construction of the building, lost its original character as personalty and became a part of the real estate and further, that appellant is estopped from claiming ownership in the same and reservation of title cannot be enforced by it as against respondents. (*Peck-Hammond Co.* v. *Walnut Ridge School Dist.*, 93 Ark. 77 [123 S. W. 771].)

While it is generally true, in the absence of an estoppel, that the rights of a conditional vendor are superior to those of a subsequent purchaser of personal property from the vendee, the rule has no application where such personal property has become attached to the realty. Under such circumstances, its character as personalty is lost. The reason for the rule has been stated to be based on two grounds: The first is that the seller, voluntarily placing personal property in the possession and control of his vendee with knowledge that it would be affixed to the land if put to the use for which it is designed, is presumed to have agreed that it should be or might be converted into realty. The second reason is that where one of two innocent persons must suffer, he should bear the loss who caused the deceitful appearances. (*Oakland Bank of Savings* v. *California Pressed Brick Co.*, 183 Cal. 295 [191 Pac. 524]; 12 Cal. Jur. 568.) Here the vendor knew of the installation of the equipment and that it was intended to be permanently used in respondents' home. Under such circumstances the equipment became a fixture and restoration of title by appellant as against respondents could not be enforced, especially as they had no notice of the agreement between plaintiff and its vendee. Moreover, the case presents a clear case of estoppel.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.